# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALAN JOHN FRICKX, | Case No. 2:19-cv-00942-JAD-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| LUIS MACIA VENEGAS, ET AL., | |
| Defendants. | |

This matter is before the Court on Plaintiff Alan John Frickx's Amended Complaint (ECF No. 10), filed on May 26, 2020. The Court previously granted Plaintiff's request to proceed *in forma pauperis* and screened the complaint pursuant to 28 U.S.C. § 1915. (ECF No. 4). It dismissed his original complaint without prejudice for failure to state a claim on March 25, 2020 and granted him leave to amend by April 15, 2020. *Id*. Then Plaintiff requested additional time, which the Court granted, and his Amended Complaint was due by May 26, 2020. (ECF No. 8). As such, Plaintiff's Amended Complaint is timely filed and the Court will now screen it.

**I.     Screening the Amended Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

1        Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

**II.     Discussion**

In this case, Plaintiff attempts to bring claims under 42 U.S.C. § 1983 against four North Las Vegas Police Officers for a Fourth Amendment violation due to unlawful search and seizure. (ECF No. 10, p. 4). He alleges that on June 4, 2018, six North Las Vegas Police Officers arrived as his location with three drawing their weapon and he was ordered to put his hands behind his back and shut up. (*Id.*). Officer Venegas searched his car and found a small closed pouch containing CDS. (ECF No. 10, p. 6). He claims that the search was done illegally as they had no probable cause to institute the search as the pouch was too small to contain a gun. (*Id.*). Further, Plaintiff claims there was a seventh officer involved, a supervisor, but does not identify his name. (*Id.*). As a result, Plaintiff claims that he was falsely arrested, subject to unlawful incarceration, and malicious prosecution. (*Id.*).

To state a claim under Section 1983, a plaintiff must allege that a right secured by the Constitution has been violated and the deprivation was committed by a person acting under color of state law.  *See, e.g., Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir.1986); *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute.  *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).  However, Section 1983 does allow suits against state officers in their individual capacities.  *Hafer v. Melo*, 502 U.S. 21, 26 (1991).  Liability can attach to an officer in his individual capacity if the plaintiff is able to establish: (1) that the official caused the deprivation of the plaintiff's rights while acting personally under color of state law, and (2) that the official is not entitled to the protection of qualified immunity.  *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Anderson v. Creighton*, 483 U.S. 635, 638 (1987).

Under Section 1983, supervisory officials are not vicariously liable for actions of their subordinates.  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).  Rather, a supervisor may be held liable if there exists either (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).  Supervisory liability may be based on policy implementation rather than personal participation where the policy is "so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."  *Id*. (internal quotations and citation omitted).

Further, a "claim for unlawful arrest is 'cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.'" *Perez–Morciglio v. Las Vegas Metro. Police Dep't*, 820 F.Supp.2d 1111, 1120 (D. Nev. 2011) (citing *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964–65 (9th Cir. 2001)).  An arrest generally must be supported by probable cause.  *Dubner*, 266 F.3d at 964–65.  Probable cause exists if, at the moment of arrest, "under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would

believe the suspect had committed a crime." *Blankenhorn v. City of Orange*, 485 F.3d 463, 471–72 (9th Cir. 2007).

Additionally, as a general rule, searches and seizures violate the Fourth Amendment unless they are based on probable cause and executed pursuant to a valid warrant or are subject to the limited number of exceptions carved out by the Supreme Court within which a warrant is not required. *Katz v. United States*, 389 U.S. 347, 357 (1967); *Minnesota v. Dickerson*, 508 U.S. 366, 272 (1993); *United States v. Huguez–Ibarra*, 954 F.2d 546, 551 (9th Cir. 1992).

Based on the paucity of factual allegations, it is unclear if Plaintiff has named a supervisory officer or has sued the four officers in their individual or official capacities. Section 1983 only permits a plaintiff to sue individual officers in their official capacities for injunctive relief or individual capacities for damages. Also, as noted above, supervisory officers are not typically liable for the actions for their subordinates. However, given that Plaintiff has alleged his arrest and the search of his car was unreasonable and lacked probable cause, the Court will construe Plaintiff's Fourth Amendment claim for unlawful arrest and illegal search and seizure to be made against the four named officers in their individual capacities and permit it to proceed past screening.

IT IS THEREFORE ORDERED that:

1. The Clerk of the Court shall issue Summons to Defendants and deliver the same to the U.S. Marshal for service. The Clerk of the Court shall also deliver a copy of the amended complaint (ECF No. 10) to the U.S. Marshal for service.

2. Plaintiff shall have thirty days in which to furnish the U.S. Marshal with the required Form USM-285.[1] Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or

---

[1] The USM-285 form is available at www.usmarshals.gov/process/usm285.pdf.

address for said defendant, or whether some other manner of service should be attempted.

3. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

4. From this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants.  The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

DATED: May 28, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE